## J. ROSENBAUM GRAIN COMPANY v. JOHN MITCHELL.

App. No. 7608.    Decided April 17, 1912.

1.—Pleading—Concurrent Negligence—Imputed Negligence.

A grain company which, in moving a car upon the tracks of a railway for the purpose of unloading it at its warehouse, negligently propelled it against a car under which an employee of the railway was engaged in making repairs and injured him, in order to rely as a defense on the concurrent negligence of a coemployee of the injured person in failing to watch for and give notice of such danger, was required to plead the same. It was not available under a plea of specific acts of contributory negligence by plaintiff himself. Whether the negligence of such fellow servant was imputable to plaintiff on the ground of agency or responsibility for each other's defaults of those engaged in a joint undertaking, is not considered in the refusal of a writ of error in this case.

Application for writ of error to the Court of Civil Appeals, Sixth District, in an appeal from Tarrant County (J. Rosenbaum Grain Co. v. Mitchell, 142 S. W., 121).

*Capps, Cantey, Hanger & Short,* for plaintiff in error.

*R. L. Carlock* and *W. P. McLean,* for defendant in error.

ON APPLICATION FOR WRIT OF ERROR.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We have carefully examined and considered plaintiff in error's application and have concluded that it should be refused.

In refusing the application we have not passed upon the question of Jones' negligence as being imputable to Mitchell, because that is not embraced in the answer of the Grain Company. Having pleaded specially the acts of contributory negligence of Mitchell the Grain Company must be confined to the matters pleaded. The evidence admitted can furnish no defense in the absence of proper allegations.

*The application is refused.*

MR. JUSTICE PHILLIPS did not participate.